## Commonwealth v. Stormer

*Edward M. Bell,* for Commonwealth.

*Joseph Nelson,* for defendant.

McKAY, J., December 28, 1962.—On December 21, 1962, a waived hearing in the above-entitled case was held. Defendant was charged with passing the automobile of the prosecutor, State Police Officer, William S. O'Brien, on Route 62 east of Mercer on August 1, 1962, while "approaching a curve in the highway where his view along the highway was obstructed within a distance of 500 feet ahead" in violation of section 1008 of The Vehicle Code of April 29, 1959, P. L. 58, sec. 1008, 75 PS §1008.

Officer O'Brien testified in support of the information that on the said date at about 2:45 p.m., defendant passed the officer while both were proceeding eastwardly on Route 62 between Mercer and Jackson Center, and that at the point of passing both parties were "approaching a curve". He further testified that about 500 feet eastwardly ahead of the spot where the passing commenced there was a point at which the road commences to curve to the right and that still further east, in the curve, there is a dip in the road so deep that within 500 feet of the point where defendant would have been still in the act of passing, he would have been unable to see another automobile approaching if it were in that depression.

Defendant testified in his own behalf and stated that a car in the dip could have been seen and also stated that some of the distances were greater than those measured by the officer.

We are inclined to accept the officer's version of the facts, but we are confronted with a fundamental obstruction to this prosecution in that neither the testimony nor the information itself charges defendant with passing while "upon a curve" in the highway, but merely while "approaching a curve".

Section 1008(b) of The Vehicle Code reads so far as is pertinent as follows:

"The driver of a vehicle shall not overtake or pass another vehicle proceeding in the same direction, when approaching the crest of a grade, nor upon a curve in the highway, where the driver's view along the highway is obstructed within a distance of five hundred (500) feet ahead . . ."

There is nothing whatever in the code that makes it unlawful for an operator of a vehicle to pass another vehicle while "approaching" a curve in the highway.

Further, criminal statutes are required to be construed strictly. The evidence disclosed that there was a yellow line to the right of the center of the highway with a broken line along the center of it for the entire distance during which defendant passed the officer's car. The statute, however, does not make it unlawful for one to cross such a warning line, even though it is painted upon the highway by the Revenue Department.

Accordingly, we are required to enter the following

### Order

Now, December 28, 1962, defendant is found not guilty, the costs to be paid by the County of Mercer.